550 A.2d 850

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* James Dwight Lind, Appellee.

Submitted on briefs July 26, 1988, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Christopher J. Clements,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, and *John L. Heaton,* Chief Counsel, for appellant.

*Alan D. Hertzberg,* for appellee.

OPINION BY SENIOR JUDGE BLATT, November 22, 1988: The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the order of the

Court of Common Pleas of Allegheny County sustaining the appeal of James Dwight Lind (appellee) from DOT's 55-day suspension of his operating privilege. We will reverse.

On October 30, 1984, DOT notified the appellee that his operating privilege would be suspended for 55 days pursuant to Section 1539 of the Vehicle Code (Code), 75 Pa. C. S. §1539, due to the accumulation of 11 points on his driving record. The appellee timely appealed this decision, and a *de novo* hearing was held by the trial court on September 24, 1985.

At the trial court hearing, documents were admitted into the record on behalf of DOT. These documents indicate that the appellee was assigned 3 points for a violation committed on July 20, 1983; 5 points for a violation on July 19, 1984; and 3 points for a violation on July 21, 1984. This gave the appellee a total of 11 points for the period in question.

Section 1539 of the Code provides, in relevant part, as follows:

> (a)  General rule.—When any person's record shows an accumulation of 11 points or more, the department shall suspend the operating privilege of the person as provided in subsection (b).

> (b)  Duration of suspension.—The first suspension shall be for a period of 5 days for each point. . . .

The appellee argued before the trial court that, pursuant to Section 1537(a) of the Code, 75 Pa. C. S. §1537 (a), 3 points should have been removed from his record on July 19, 1984, thereby giving him only 8 points as of October 30, 1984, the date of DOT's suspension notice. Section 1537(a) reads as follows:

> General rule.—Points recorded against any person shall be removed at the rate of three

points for each 12 consecutive months in which such person has not committed any violation which results in the assignment of points or in suspension or revocation under this chapter. Removal of points is governed by the date of violation.

Although the dispute between DOT and the appellee before the trial court revolved mainly around the interpretation of this section of the Code, the trial court's order in this matter states:

AND NOW, this 24th day of April 1987 the above appeal having come on for hearing, upon consideration thereof, it is hereby ordered that the appeal of the Defendant is sustained, it appearing that the Petitioner James Dwight Lind testified at the hearing that he was not the operator of the motor vehicle involved in the speeding violation in Ross Township on July 21, 1984, and that another person took the witness stand and testified that he was the operator on that date, thereby raising a question of identity, and the local police having fingerprint record on file, from a prior arrest, were directed to confirm the identity of the operator, but having failed to do so.

No reference is made in the trial court's order as to the interpretation of the Code provision here concerned.[1]

DOT raises two issues on appeal. The first is whether the trial court erred in raising the issue of identity *sua sponte*. It is unclear where the facts and issue, discussed in the trial court's order, originated. They do not appear anywhere in the certified record, particularly not in the hearing transcript. Accordingly, we must

---

[1] Because the court included its reasoning in the order, it did not file an opinion.

hold that the trial court's findings of fact in the matter are not supported by substantial evidence.

The second issue raised by DOT is whether DOT has met its burden of proving that its 55-day suspension of the appellee's operating privilege was proper, which it believes it did. As DOT notes, of course, this issue was not addressed by the trial court. We must address it now, however, because it raises a question of law which must be addressed.

The appellee has never challenged the accuracy of the citations contained in the record. Instead he has challenged the accuracy of his driving record, arguing before the trial court, and now before this Court that DOT erred by not removing 3 points from his driving record on July 19, 1984, *i.e.* before his violation which occurred on that same evening. DOT argues that these points would only have been removed if the appellee had not committed another violation before July 20, 1984. The issue turns then on the meaning to be given to Section 1537(a) of the Code and Section 1910 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1910 provides that:

> Whenever in any statute the lapse of a number of months after or before a certain day is required, such number of months shall be computed by counting the months from such day, excluding the calendar month in which such day occurs, *and shall include the day of the month in the last month so counted having the same numerical order as the day of the month from which the computation is made,* unless there be not so many days in the last month so counted, in which case the period computed shall expire with the last day of such month.

(Emphasis added.) Pursuant to this rule, DOT did not owe the appellee the removal of any points on July 19,

1984. We must hold, therefore, that the appellee had accumulated 11 points on his driving record, and DOT's 55-day suspension of his operating privilege was consequently proper.

Accordingly, we will reverse the trial court's order.

## ORDER

AND NOW, this 22nd day of November, 1988, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby reversed, and the suspension of James Dwight Lind's operating privilege is reinstated.

Judge MACPHAIL did not participate in the decision in this case.